JUAN MARRERO LASALA y su esposa ERNESTINA COLLAZO, demandantes y apelantes, *v.* WHITE STAR BUS LINE, INC., demandada y apelada.

Núm. 7036.—*Sometido:* Febrero 11, 1937. *Resuelto:* Febrero 26, 1937.

*Colón Gordiani & Segarra,* abogados de los apelantes; *C. Iriarte, F. Fernández Cuyar* y *Héctor González Blanes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El niño Héctor Marrero, de diez años de edad, hijo de los demandantes, fué arrollado y muerto por una guagua perteneciente a la demandada y manejada en el momento del accidente por uno de sus empleados. Alegan los demandantes que el accidente fué motivado por la negligencia del empleado de la demandada, consistente (*a*) en que el chófer, en el momento del accidente, manejaba la guagua sin fijarse y sin prestar atención a las exigencias del tráfico, y por lo con-

trario, lo hacía mirando hacia atrás y en distracción con los pasajeros que llevaba la guagua; y (*b*) porque **en el momento** en que la guagua chocó con el niño, el chófer que la guiaba no hizo nada para controlar el vehículo y salvar la vida del niño, y por el contrario abandonó el guía poniéndose las manos en la cabeza y dejando que la guagua continuase su camino y pasase por encima del niño.

Reclaman los demandantes la suma de $10,000 como indemnización por la pérdida de los servicios del niño y $15,000 por los sufrimientos morales, mentales y físicos que han tenido los demandantes con motivo de la pérdida de su hijo.

La contestación de la demandada, después de negar específicamente los hechos esenciales de la demanda, alega como defensa que el accidente tuvo como causa única la negligencia del niño fallecido; que en el momento en que la guagua se dirigía desde San Juan al Barrio Obrero, había dos niños parados a la orilla de la Avenida Borinquen; que al llegar la guagua a ese sitio los dos niños abandonaron súbitamente la orilla e intentaron cruzar la Avenida en frente de la guagua, lográndolo el mayor de los dos, mas no así el menor, el que fué atrapado por la guagua; que dicho menor salió a cruzar la avenida corriendo y sin mirar hacia los lados, cuando ya la guagua se hallaba a muy corta distancia de él, por lo que el chófer no pudo evitar el accidente, a pesar de haber frenado y detenido violentamente el vehículo; que el accidente fué uno de carácter casual e inevitable; y que aun asumiendo que en el accidente mediara negligencia imputable a la demandada, también medió como causa próxima y directa la negligencia contribuyente del menor.

Celebrado el juicio, la corte de distrito dictó sentencia declarado sin lugar la demanda, y los demandantes apelaron. Señalan como único error de la corte inferior el de haber apreciado equivocadamente la prueba.

Hemos estudiado cuidadosamente la prueba aducida por ambas partes litigantes. No existe controversia alguna en cuanto a la forma y manera en que ocurrió el accidente, con-

viniendo todos los testigos en que la guagua marchaba a una velocidad moderada y en que los dos niños salieron corriendo súbitamente del sitio donde estaban, para cruzar la avenida pasando por el frente de la guagua en movimiento. Surgen de toda la evidencia discrepancias fundamentales en cuanto a la conducta del chófer momentos antes del accidente y en cuanto a las actuaciones del mismo chófer inmediatamente después de haberse dado cuenta de que había arrollado al niño. Todos los testigos de la parte demandante aseguran que el chófer venía distraído con la cara vuelta hacia un pasajero sentado a su derecha y todos los testigos de la demanda niegan ese hecho. La corte sentenciadora resuelve el conflicto sosteniendo que aun cuando diese crédito a los testigos de la parte actora, el hecho sería favorable a la demandada, pues estando admitido que los niños se acercaron al vehículo por el lado derecho, el chófer estaba en mejores condiciones para verlos que si hubiese estado mirando hacia la izquierda o hacia el frente.

Sostuvieron los testigos de los demandantes que tan pronto como el niño fué golpeado por el *bumper* de la guagua, el chófer se llevó las manos a la cabeza dejando sin control alguno el vehículo. Admitieron los testigos de la demandada que fué cierto que el chófer se llevó las manos a la cabeza, pero que lo hizo después de ocurrido el accidente, después de haber descendido de la guagua y en el momento de ver al niño tendido en el pavimento. La corte inferior, en el ejercicio de su facultad discrecional para pesar la prueba, juzgar sobre la credibilidad de los testigos y resolver el conflicto que le presentaban esas declaraciones contradictorias, se expresó así:

"Nos parece más razonable la teoría de la demandada al efecto de que el chauffeur se llevó las manos a la cabeza al contemplar el niño herido bajo la guagua, porque en realidad es éste un gesto corriente demostrativo de asombro o de pesar el contemplar una desgracia de esta naturaleza."

No se ha alegado que la corte sentenciadora inspirase su sentencia en la pasión o el prejuicio, o que haya sido parcial en su fallo. Y no encontramos en el récord del caso ningún fundamento para sostener que se haya cometido un error tan manifiesto que sea suficiente para justificar la revocación de la sentencia.

*Por las razones expuestas se confirma la sentencia apelada.*

El Juez Asociado Señor Wolf no intervino.